IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUHAREM KURBEGOVICH,

     Plaintiff,                  No. 2:09-cv-1720-JFM (PC)

     vs.

UNKNOWN FBI AGENTS IN
SACRAMENTO COUNTY,

     Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[1]  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

---

[1]  Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Good cause appearing, ruling on plaintiff's request is deferred at this time.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11 Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

12 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

13 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15 id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

16 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

17 v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

18 quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

19 standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

20 and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

21 U.S. 232, 236 (1974).

22    The court finds the allegations in plaintiff's complaint so vague and conclusory

23 that it is unable to determine whether the current action is frivolous or fails to state a claim for

24 relief.  The court has determined that the complaint does not contain a short and plain statement

25 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

26 policy, a complaint must give fair notice and state the elements of the claim plainly and

1   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

2   must allege with at least some degree of particularity overt acts which defendants engaged in that

3   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

4   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

5   an amended complaint.

6         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

8   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

9   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

10  there is some affirmative link or connection between a defendant's actions and the claimed

11  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

12  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

13  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

14  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

17  amended complaint be complete in itself without reference to any prior pleading.  This is

18  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

19  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

20  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

21  original complaint, each claim and the involvement of each defendant must be sufficiently

22  alleged.

23        Finally, good cause appearing, the Clerk of the Court will be directed to send a

24  copy of plaintiff's June 22, 2009 complaint filing and this order to counsel for the plaintiff class

25  in Coleman v. Schwarzenegger, No. 2:90-cv-0520-LKK-JFM (PC).

26        In accordance with the above, IT IS HEREBY ORDERED that:

3

1           1.  Plaintiff's complaint is dismissed.

2           2.  Within thirty days from the date of this order, plaintiff shall complete the

3 attached Notice of Amendment and submit the following documents to the court:

4                a.  The completed Notice of Amendment; and

5                b.  An original and one copy of the Amended Complaint.

6 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

7 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

8 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

9 file an amended complaint in accordance with this order will result in a recommendation that this

10 action be dismissed.

11          3.  The Clerk of the Court is directed to send a copy of plaintiff's complaint and a

12 copy of this order to Amy Whelan, Esq., Rosen, Bien & Galvan LLP, 315 Montgomery Street,

13 10th Floor, San Francisco, CA 94104.

14 DATED: October 8, 2009.

15

16                               UNITED STATES MAGISTRATE JUDGE

17

18   12
  kurb1720.14

19

20

21

22

23

24

25

26

4

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MUHAREM KURBEGOVICH,

11          Plaintiff,                    No. 2:09-cv-1720-JFM (PC)

12       vs.

13   UNKNOWN FBI AGENTS IN
     SACRAMENTO COUNTY,               NOTICE OF AMENDMENT
14
          Defendants.
15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____    Amended Complaint

19   DATED:

20

21

22

23                              _____
                                Plaintiff

24

25

26

5